MICHAEL J. LYONS (SBN 202284)
DION M. BREGMAN (SBN 208393)
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2122
Telephone: 650.843.4000
Facsimile: 650.843.4001
E-mail: mlyons@morganlewis.com
E-mail: dbregman@morganlewis.com

Attorneys for Plaintiff
PAYMENTONE CORPORATION

J. DAVID HADDEN (SBN 176148)
DARREN DONNELLY (SBN 194335)
CAROLYN CHANG (SBN 217933)
DAVID LACY KUSTERS (SBN 241335)
MICHAEL DAVIS-WILSON (SBN 259790)
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200
E-mail: dhadden@fenwick.com
E-mail: ddonnelly@fenwick.com
E-mail: cchang@fenwick.com
E-mail: dlacykusters@fenwick.com
E-mail: mdaviswilson@fenwick.com

Attorneys for Defendant
ZONG, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PAYMENTONE CORPORATION, a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ZONG, INC., a Delaware corporation,<br><br>　　　　　Defendant. | Case No. 3:11-cv-02186-CRB<br><br>**JOINT CASE MANAGEMENT STATEMENT UNDER FED.R.CIV.P. 26(f) AND CIV. L.R. 16-9 AND [PROPOSED] ORDER** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:11-CV-02186-CRB

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Civil Local Rule 16-9, Plaintiff PaymentOne Corporation ("PaymentOne") and Defendant Zong, Inc. ("Zong") hereby submit the following Joint Case Management Statement and Rule 26(f) Report.

**I.     Jurisdiction and Service**

PaymentOne contends that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.* The parties agree that venue is proper in this district and that the Court has personal jurisdiction over the parties.

**II.    Description of the Case and Disputed Factual Issues**

PaymentOne filed this case on May 4, 2011, seeking damages, injunctive and other relief, alleging Zong's willful direct or indirect infringement of U.S. Patent No. 7,080,049 (the "'049" patent"), U.S. Patent No. 7,848,500 (the "'500" patent"), U.S. Patent No. 7,848,504 (the "'504" patent) (collectively, the "PaymentOne Patents"). PaymentOne served Zong with its Complaint on July 11, 2011.

Following stipulations to extend time, Zong responded to the Complaint on September 21, 2011, denying all allegations of infringement and asserting counterclaims for non-infringement and invalidity.

Based on the claims and counterclaims asserted in this matter, the principal factual issues are:

1. whether Zong has infringed and is infringing the PaymentOne Patents;
2. whether Zong has actively induced and/or contributed to the infringement by others of the PaymentOne Patents;
3. whether any such infringement by Zong is willful;
4. the amount of PaymentOne's damages, if any;
5. the identification of any other relief, such as a permanent injunction, that is warranted for any such infringement by Zong;
6. the scope and content of the prior art; and
7. whether PaymentOne's Patents are invalid.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:11-CV-02186-CRB

Should facts be uncovered in this case that support amendment of pleadings to include claims and defenses relating to the enforceability of the patents-in-suit, this case may also require resolution of the enforceability of the patents-in-suit.

### III. Description of the Legal Issues

Based on the claims and counterclaims asserted in this matter, the principal legal issues in this action are:

1. the construction of the claims of the patents-in-suit;
2. whether any infringement was willful, and if so, the amount of enhanced damages; and
3. whether an injunction (or injunctions) should issue if any of the patents-in-suit are found infringed; and
4. whether the PaymentOne Patents are invalid.

Should facts be uncovered in this case that support amendment of pleadings to include claims and defenses relating to the enforceability of the patents-in-suit, this case may also require resolution of the enforceability of the patents-in-suit.

### IV. Motions

There are no pending motions.

### V. Amendment of Pleadings

The pleadings have not been amended.

### VI. Evidence Preservation

Both parties have taken steps to preserve evidence relevant to the issues reasonably evident in this action. These steps include the suspension of normal document destruction programs, ongoing erasure of e-mails, voice-mails, and other electronically-recorded material, and the institution of a litigation hold for both hardcopy documents and electronic documents.

### VII. Disclosures

The parties conducted a conference pursuant to Federal Rule of Civil Procedure 26(f) on August 5, 2011. The parties agree to serve initial disclosures under Fed. R. Civ. P. 26(a) by October 5, 2011. The parties each reserve their right to supplement their disclosures as discovery

continues.

**VIII. <u>Discovery</u>**

The parties intend to pursue discovery in the form of requests for production of documents and things, interrogatories, depositions, and other forms of discovery authorized by the Federal Rules. The parties reserve all rights to seek modifications of such limits and agree to confer in good faith if a need arises for additional discovery.

The parties agree to the following discovery plan:

1. Discovery Needed –
    a. Discovery relating to the operation of the accused products or services.
    b. Discovery relating to PaymentOne's claim for damages.
    c. Discovery relating to PaymentOne's claim that the alleged infringement of any patent-in-suit was willful.
    d. Discovery relating to the validity of the patents-in-suit.

Should facts be uncovered in this case that support amendment of pleadings to include claims and defenses relating to the enforceability of the patents-in-suit, this case may also require resolution of the enforceability of the patents-in-suit.

2. Interrogatories – The parties agree that each side be allowed to serve a maximum of 25 interrogatories on the other side.
3. Depositions – The parties agree that the Federal Rules of Civil Procedure will govern depositions.
4. Requests for Admission and for Documents – The parties agree that there should be no limits on requests for admissions or document discovery requests.
5. Electronic Service – The parties agree to accept service by e-mail with hard copies to follow by overnight mail. Each counsel will establish an e-mail distribution list accessible through a single external e-mail address. The parties will separately send an e-mail without attachments confirming service of any e-mail sent with attachments. Service by e-mail will be treated as service by hand delivery.
6. Stipulated Protective Order – The parties agree that a stipulated protective order

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3    JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:11-CV-02186-CRB

will be required and shall endeavor to submit an order by October 14, 2011.

7. Electronically Stored Information – The parties agree that an agreement regarding electronically stored information ("ESI") is important to the management of this case and will endeavor to enter into an agreement regarding the scope and timing of ESI discovery or provide proposals to this Court in the event the parties are not able to reach agreement.

8. Discovery of Drafts of Expert Declaration – The parties agree that the protections provided in Fed. R. Civ. P. 26(b)(4)(B) and (C) will equally apply to expert declarations as they do to expert reports, including both drafts of declarations and communications related to declarations.

The parties agree to revisit these limits on discovery as may be appropriate.

## IX.   Class Action

This is not a class action.

## X.   Related Cases

The parties are not aware of any other related cases pending before another judge of this Court or before another court or administrative body.

## XI.   Relief

PaymentOne seeks a judgment (a) that Zong has infringed, actively induced infringement of, and/or contributorily infringed the PaymentOne Patents; (b) preliminarily and permanently enjoining Zong, its officers, agents, servants, employees, attorneys and all persons in active concert or participation with it from further infringement of the PaymentOne Patents, to the extent not so enjoined, ordering Zong to pay compulsory ongoing royalties for any continuing infringement of the PaymentOne Patents; (c) ordering that Zong account, and pay actual damages (but no less than a reasonable royalty), to PaymentOne for Zong's infringement of the PaymentOne Patents; (d) declaring that Zong willfully infringed the PaymentOne Patents and ordering that Zong pay treble damages to PaymentOne as provided by 35 U.S.C. § 284; (e) ordering that Zong pay PaymentOne's costs, expenses, and interest, including prejudgment interest, as provided for by 35 U.S.C. § 284; (f) declaring that this is an exceptional case and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4                    JOINT CASE MANAGEMENT STATEMENT
                     CASE NO. 3:11-CV-02186-CRB

awarding PaymentOne its attorneys' fees and expenses as provided for by 35 U.S.C. § 285; (g) granting PaymentOne such other and further relief as the Court deems just and appropriate, or that PaymentOne may be entitled to as a matter of law or equity; and (h) such other relief as PaymentOne shall timely request in response to Zong's forthcoming pleadings.

Zong seeks a judgment that (1) Zong does not directly or indirectly infringe the PaymentOne Patents; (2) the PaymentOne Patents are invalid; (3) the PaymentOne takes nothing by its Complaint; (4) this case be declared exceptional and Zong be awarded its attorneys' fees and costs; and (5) Zong be granted such other as the Court deems just and appropriate.

## XII. Settlement and ADR

The parties have met and conferred regarding the ADR process, and agree that the prospects for settlement would be best served by private mediation to address all current disputes between the parties. The parties have agreed to participate in private mediation by December 30, 2011.

## XIII. Consent to Magistrate Judge for All Purposes

Zong did not consent to a Magistrate Judge for all purposes.

## XIV. Other References

The parties do not presently believe that the case is suitable to refer to binding arbitration or a special master. The parties further do not believe that this case is suitable to reference to the Judicial Panel on Multidistrict Litigation.

The parties agree that this Court should handle all claim construction, pretrial and trial issues.

## XV. Narrowing of Issues

The parties are not presently aware of any particular issues to be narrowed.

## XVI. Expedited Schedule

The parties do not believe that this case is appropriate for an expedited schedule.

## XVII. Scheduling

Zong would like to discuss with the Court at the initial case management conference the possibility of scheduling early limited claim construction with summary judgment on potentially

case dispositive issues. Zong believes that the infringement allegations in this case are amenable to resolution through an early motion for summary judgment of non-infringement. Zong expects that following PaymentOne's service of Preliminary Infringement Contentions, it will be prepared to file a motion for summary judgment of non-infringement requiring construction of only 2-3 claim terms or phrases that will be dispositive of PaymentOne's infringement allegations with respect to all of the patents-in-suit.

PaymentOne believes that the schedule for claim construction provided in the Patent Local Rules for the Northern District of California is appropriate for this case and opposes Zong's request for early limited claim construction. The schedule in the Patent Local Rules is intended to provide the parties with sufficient time to identify claim construction disputes in light of the contentions of the parties, to meet-and-confer in an effort to resolve the disputes, and to develop the evidence necessary to present the remaining claim construction disputes to the Court. The currently proposed schedule serves these interests and would include an early claim construction hearing in May 2012. Setting an additional earlier hearing to address those terms chosen by Zong would unfairly diminish PaymentOne's role in identifying claim terms for construction, would undermine the meet-and-confer process, and would prejudice PaymentOne's ability to conduct any needed discovery on the issues to be subject to the early hearing. PaymentOne also opposes Zong's request for a premature motion for summary judgment that they apparently expect to seek before PaymentOne has had an opportunity to take discovery on the accused products. The appropriate time for summary judgment motions is after the claim construction order has been issued and after both parties have had an opportunity to seek reasonable discovery on any issues to be addressed in the motion.

With this understanding in mind, the parties propose the following schedule:

| Initial Case Management Conference | September 30, 2011 @ 8:30 a.m. |
|---|---|
| Fed. R. Civ. P. 26(a)(1) Disclosures | October 5, 2011 |

6   JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:11-CV-02186-CRB

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| | |
|---|---|
| Patent L.R. 3-1 Preliminary Infringement Contentions and Patent L.R. 3-2 Document Production | October 24, 2011 |
| Patent L.R. 3-3 Preliminary Invalidity Contentions and Patent L.R. 3-4 & 3-7 Document Productions | December 23, 2011 |
| Patent L.R. 4-1 Exchange of Proposed Terms | January 13, 2012 |
| Patent L.R. 4-2 Exchange of Preliminary Claim Constructions | January 27, 2011 |
| Patent L.R. 4-3 Joint Claim Construction and Prehearing Statement | February 21, 2012 |
| Patent L.R. 4-4 Close of Claim Construction Discovery | March 22, 2012 |
| Patent L.R. 4-5(a) Opening Claim Construction Brief | April 6, 2011 |
| Patent L.R. 4-5(b) Responsive Claim Construction Brief | April 20, 2012 |
| Patent L.R. 4-5(c) Reply Claim Construction Brief | April 27, 2012 |
| Tutorial | May 10, 2012 |
| Claim Construction Hearing | May 11, 2012 |
| Fact Discovery Cut-off | 30 weeks after Claim Construction Order, presumptively March 8, 2013 |
| Disclosure of Identity of Liability Experts | 33 weeks after Claim Construction Order, presumptively March 29, 2013 |
| Opening Expert Reports Due on any issue for which a party bears the burden of proof | 36 weeks after Claim Construction Order, presumptively April 19, 2013 |
| Rebuttal Expert Reports Due | 41 weeks after Claim Construction Order, presumptively May 24, 2013 |
| Expert Discovery Cut-off | 45 weeks after Claim Construction Order, presumptively June 21, 2013 |
| Deadline for Filing Dispositive Motions | 50 weeks after Claim Construction Order, presumptively July 26, 2013 |

| Pretrial Conference | Fall 2013 |
|---|---|
| TRIAL | Fall 2013 |

## XVIII. Trial

PaymentOne has requested a jury trial on all issues triable to a jury. The length of the trial will depend on the resolution on the parties' pre-trial motions and the ability to narrow the issues.

## XIX. Disclosure of Non-party Interested Entities or Persons

PaymentOne has filed its Certification of Interested Entities or Persons as required by Civil Local Rule 3-16, listing the following persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities that (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a nonfinancial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1. PaymentOne Corporation Share Trust, a Delaware statutory trust, has a financial interest in PaymentOne Corporation;

2. AER Investments LLC, a Florida limited liability company, has a financial interest in PaymentOne Corporation;

3. Mr. Joseph Lynam, an individual, has a financial interest in PaymentOne Corporation.

Zong has filed its Certification of Interested Entities or Persons stating that Zong is an indirect, wholly owned subsidiary of eBay Inc.

## XX. Patent Related Issues Pursuant to Patent Local Rule 2-1(a)

### A. Proposed Modification of the Deadlines Provided for in the Patent Local Rules

The parties propose the following modification to the Patent Local Rules, which is reflected in the schedule set forth above in Section XVII: the parties shall serve Infringement Contentions and produce documents under Patent Local Rules 3-1 and 3-2 on October 24, 2011 –

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

24 days following the Initial Case Management Conference. The parties further agree to extend the deadline to serve Invalidity Contentions and documents pursuant to Patent Local Rules 3-3 and 3-4 until December 23, 2011 – 60 days after service of Preliminary Infringement Contentions. The deadline for claim construction disclosures under Patent Local Rules 4-1 through 4-3 have minor modifications to adjust for holidays.

### B. Discovery Related to Claim Construction

The parties do not envision any limits on discovery related to claim construction. To the extent either party relies on factual or expert testimony to support any claim construction position, the parties shall meet and confer about the timing of depositions of each individual upon whose testimony a party may rely.

As noted, Zong may seek early limited claim construction with summary judgment on potentially case dispositive issues. PaymentOne opposes any such request for at least the reasons stated above.

### C. Format of the Claim Construction Hearing

The parties do not currently anticipate presenting live testimony at the Claim Construction Hearing. If these positions were to change, the parties would seek the Court's approval to present such evidence at the hearing.

The parties estimate the length of the Hearing will be approximately two hours.

### D. How the Parties Intend to Educate the Court on the Technology at Issue

The parties anticipate the presentation of a technology tutorial.

## XXI. COURT APPOINTED EXPERT

The parties agree that a court-appointed expert under Rule 706 of the Federal Rules of Evidence is not warranted.

## XXII. COMPUTATION OF DAMAGES

At this initial stage of the litigation, PaymentOne is unable to calculate its damages because it has not yet received discovery revealing the full magnitude of Zong's infringing activities, services, products and systems.

In general, however, PaymentOne's damages are likely to include, without limitation, (1)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9   JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:11-CV-02186-CRB

compensatory damages for patent infringement by Zong and contributory and active inducement of others' infringement, consisting at a minimum of a reasonable royalty or lost profits on sales of infringing products; (2) treble damages for willful patent infringement; (3) costs incurred in this action; and (4) interest on all damages awarded and costs incurred in this action. Damages are also likely to include, without limitation, attorneys' fees pursuant to 35 U.S.C. § 285.

Dated: September 23, 2011            Respectfully submitted,

              MORGAN, LEWIS & BOCKIUS LLP

              By:  /s/ Michael J. Lyons
                Michael J. Lyons
                Attorneys for Plaintiff
                PAYMENTONE CORPORATION

Dated: September 23, 2011            FENWICK & WEST LLP

              By:  /s/ Darren Donnelly
                Darren Donnelly
                Attorneys for Defendant
                ZONG, INC.

## **[PROPOSED] CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case.  The parties shall comply with this Order.

**IT IS SO ORDERED.**

Dated:  September ____, 2011

_____
Hon. Charles R. Breyer
United States District Judge

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

11   JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:11-CV-02186-CRB

1  Pursuant to General Order No. 45, Section X(B) regarding signatures, I, Michael J. Lyons, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 23rd day of September, 2011, at Palo Alto, California.

/s/ Michael J. Lyons
Michael J. Lyons