1   J. DAVID HADDEN (CSB No. 176148)
    dhadden@fenwick.com
2   DARREN DONNELLY (CSB No. 194335)
    ddonnelly@fenwick.com
3   CAROLYN CHANG (CSB No. 217933)
    cchang@fenwick.com
4   DAVID LACY KUSTERS (CSB No. 241335)
    dlacykusters@fenwick.com
5   MICHAEL DAVIS-WILSON (CSB No. 259790)
    mdaviswilson@fenwick.com
6   FENWICK & WEST LLP
    801 California Street
7   Mountain View, CA 94041
    Telephone:    650.988.8500
8   Facsimile:    650.938.5200

9   Attorneys for DEFENDANT
    ZONG, INC.,
10

11                      UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                       SAN FRANCISCO DIVISION

14

15  PAYMENTONE CORPORATION,              Case No.: 3:11-cv-02186-SI
    a Delaware corporation,
16                                       **DEFENDANT ZONG, INC.'S CASE**
                   Plaintiff,            **MANAGEMENT STATEMENT**
17
          v.
18
    ZONG, INC.,
19  a Delaware corporation,

20                 Defendants.

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Pursuant to the Court's November 4, 2011 notice setting initial case management conference, Defendant Zong, Inc. ("Zong") hereby submit the following Case Management Statement and Rule 26(f) Report. Zong is unable to submit a joint case management statement as Plaintiff PaymentOne Corporation ("PaymentOne") refuses to include its positions in a joint statement with Zong's positions. *See* Declaration of Carolyn Chang filed concurrently herewith.

## I.   JURISDICTION AND SERVICE

PaymentOne contends that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.* The parties agree that venue is proper in this district and that the Court has personal jurisdiction over the parties.

## II.   FACTS

### A.   Proceedings

PaymentOne filed this case on May 4, 2011, seeking damages, injunctive and other relief, alleging Zong's willful direct or indirect infringement of U.S. Patent No. 7,080,049 (the "'049 patent"), U.S. Patent No. 7,848,500 (the "'500 patent"), U.S. Patent No. 7,848,504 (the "'504 patent) (collectively, the "patents-in-suit " or "PaymentOne Patents"). PaymentOne served Zong with its Complaint on July 11, 2011, after eBay Inc. announced its intent to acquire Zong. Following stipulations to extend time, Zong responded to the Complaint on September 21, 2011, denying all allegations of infringement and asserting counterclaims for non-infringement and invalidity. eBay Inc.'s acquisition of Zong closed in August 2011.

This case was originally assigned to the Honorable Charles R. Breyer. The parties filed a Joint Case Management Statement with Judge Breyer on September 23, 2011 (Dkt. # 28). Thereafter, on October 24, 2011 PaymentOne served its Preliminary Infringement Contentions pursuant to Patent Local Rule 3-1, asserting that the Zong Web Payment service and the Zong+ service infringe the following claims:

- '049 patent:  claims 8, 9, 22
- '500 patent:  1-6, 8-12, 17-22, 24-28
- '504 patent:  1, 10, 16, 20, 23, 28, 43, 45, 47, 52, 53, 56, 61, 101, 102, and 107

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

On October 26, 2011, Judge Breyer entered an order of recusal, at which point the case was reassigned to this Court.  Based on the claims and counterclaims asserted in this matter, the principal factual issues are:

1.  whether Zong has infringed and is infringing any of the asserted claims of the PaymentOne Patents;

2.  whether Zong has actively induced and/or contributed to the infringement by others of any of the asserted claims of the PaymentOne Patents;

3.  whether any such infringement by Zong is willful;

4.  the amount of PaymentOne's damages, if any; and

5.  the identification of any other relief, such as a permanent injunction, that is warranted for any such infringement by Zong;

6.  the scope and content of the prior art;

7.  whether PaymentOne's Patents are invalid.

Should facts be uncovered in this case that support amendment of pleadings to include claims and defenses relating to the enforceability of the patents-in-suit, this case may also require resolution of the enforceability of the patents-in-suit.

**B.**   **Zong's Description of the Case:**[1]

   **1.**   **The Parties**

      **a.**   **Defendant Zong, Inc.**

Defendant Zong was spun off in 2008 of Echovox, a mobile services company founded in Geneva, Switzerland in 2000.  Zong used and continues to use Echovox's software components and servers in Switzerland, in part, to enable processing of online payments using a mobile telephone.   Zong is now a leading provider of payments through mobile telephone carrier billing. In July 7, 2011, eBay Inc. announced that it would be acquiring Zong.  eBay's acquisition of

---

[1] In addition, Zong believes that Morgan Lewis counsel for PaymentOne may have a disqualifying conflict of interest as it is currently representing eBay and other of its subsidiaries. Thus, Zong is evaluating whether Morgan Lewis' representation of PaymentOne adverse to the eBay warrants filing a motion to disqualify.

eBay is also currently evaluating whether potential claims against PaymentOne would support filing a separate action against PaymentOne.

3

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  Zong was completed in August 2011.

2                    **b.        Plaintiff PaymentOne Corporation**

3        Plaintiff PaymentOne Corporation was founded in 2000 as eBillit, a subsidiary of

4  Intergretel (a company focused on telecommunications billing through agreements with landline

5  local exchange carriers).  PaymentOne's first payment platform launched in or before 2000 was

6  directed to payment for Internet services through local landline – not mobile – telephone bills.  In

7  December 2008, PaymentOne was referring customers interested in mobile payment processing

8  to Zong as it did not offer any mobile payment services.  As of Fall 2009, PaymentOne still did

9  not offer payment processing using mobile telephones.  As the business of billing landline phones

10 has dried up, PaymentOne is venturing into the mobile payment space.  In doing so, it is taking its

11 patents, which describe billing landline telephone numbers, impermissibly stretching them and

12 asserting them against the business of billing mobile phone numbers.

13                    **2.        Zong's Summary of the Patents-in-Suit**

14       The purported inventions of the patents-in-suit relate to billing landline phones, in

15 particular to paying for purchases by billing the landline to which a user's computer is connected.

16 The '049 patent, entitled "Method and System for Processing a Transaction" describes paying for

17 purchase transactions by charging the landline account instead of a debit or credit card.  Paying

18 for purchases using a landline account was known in the art, however.  Therefore, the '049 patent

19 claims were allowed only after the inclusion of limitations requiring the payment to be processed

20 by other methods if the landline account is not validated.   Similarly, the claims of the '500 patent

21 were only allowed after they were amended to include the requirement that the payment

22 transaction be completed using an alternate payment method if billing to the landline account is

23 declined.  The '504 patent, entitled "Method and Apparatus to Validate a Subscriber Line,"

24 requires verifying that a landline account can be billed by looking up information associated with

25 the billing telephone number is various databases.  By asserting these patents against Zong,

26 PaymentOne is simply and impermissibly stretching the purported inventions to the business of

27 billing mobile phone numbers.

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

### 3.      The Accused Zong Services

The accused Zong Web Payment and Zong+ services do not process payments by billing a landline connected to a user's computer.  The Zong services, using certain servers and software components in Switzerland, allow Internet users to use their mobile telephone number to process payment for online transactions.   In practice, third party online merchants offer users a range of payment options including, *e.g.*, Visa or Master Card credit cards.  If the user selects the mobile phone payment option, Zong will then provide a window in which the user can provide a mobile telephone number.  Once the user inputs the mobile telephone number and hits continue, an SMS message with a PIN number will be sent to that mobile phone number.  The user then inputs the PIN number into the next Zong payment window on their computer:

 

Zong then uses the mobile telephone number to facilitate the payment process.  Zong does not facilitate a payment if a landline phone number is entered by a user.  In addition, if payment cannot be made using the mobile phone number, Zong will not facilitate the payment process.  Zong does not complete payment using another payment method if payment cannot be made using the mobile telephone number.

Since Zong does not process payments using a landline connected to the user's computer, does not complete payment transactions using alternative methods, and relies on certain servers and software components in Switzerland, it cannot infringe the patents-in-suit.  If the Court addresses these issues early, the result would be case dispositive.  Since summary judgment of non-infringement can be granted without claim construction, and the issues are potentially case dispositive, Zong respectfully requests a schedule that allows for an early case-dispositive motion for summary judgment of non-infringement.  As discussed more fully in Section IV below, Zong

is aware of this Court's standing order limiting the number of summary judgment motions, but because an early summary judgment here may be case dispositive and can be decided without substantial discovery or claim construction, Zong believes an early summary judgment motion of non-infringement is appropriate and seeks leave to file a second summary judgment motion on other grounds in the unlikely event this case proceeds.

## III.   LEGAL ISSUES

Based on the claims and counterclaims asserted in this matter, the principal legal issues in this action are:

1.   the construction of the claims of the patents-in-suit;

2.   whether any infringement was willful, and if so, the amount of enhanced damages; and

3.   whether an injunction (or injunctions) should issue if any of the patents-in-suit are found infringed.

4.   whether PaymentOne's Patents are invalid.

Should facts be uncovered in this case that support amendment of pleadings to include claims and defenses relating to the enforceability of the patents-in-suit, this case may also require resolution of the enforceability of the patents-in-suit.

## IV.   MOTIONS

There are currently no pending motions.

### A.   Zong's Position

Zong believes this case can be disposed of efficiently and entirely with an early motion for summary judgment of non-infringement without the need for substantial discovery or claim construction.  A case-dispositive early motion for summary judgment of non-infringement is warranted in this case for two simple reasons:

- **PaymentOne's Infringement Allegations Are Based on the Acts of Third Parties, Not Zong**:  PaymentOne does not even allege that Zong performs each and every element of the asserted claims of the '049 and '500 patents.  That is because, among other things, Zong does not process payments using alternative

Fenwick & West LLP
Attorneys at Law
San Francisco

6

payment methods if a mobile phone number does not work as is required for infringement of the asserted claims.  Therefore, PaymentOne resorts to alleging infringement based on the conduct of third parties over which Zong has no control. *See Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2008).[2] Therefore, summary judgment of non-infringement can be granted as to the '049 and '500 patents with little to no discovery or claim construction.

- **United States Patents Can Only Be Infringed In the United States**:

   PaymentOne alleges infringement of all the asserted method claims of the patents-in-suit (including the '504 patent) based on conduct that takes place, in part, outside of the United States.  Certain accused features of the Zong services are located (servers and databases) and performed (searching databases for mobile phone number and validating PIN numbers) in Geneva, Switzerland – where the company began and continues to operate.  *See NTP, Inc. v. Research in Motion*, 418 F.3d 1282, 1317-18 (Fed. Cir. 2005).

- Therefore, limited discovery regarding the location of Zong's servers will support summary judgment of non-infringement.

Zong is mindful of the Court's general rule limiting the number of summary judgments.  As resolution of these two issues may resolve the entire case, however, allowing an early non-infringement summary judgment motion now (and reserving any other potential summary judgment motions in the unlikely event any issues remain) is far more efficient for the Court and the parties.  Very limited discovery and no claim construction is required for Zong's proposed early summary judgment motion, and thus can be resolved with little expenditure of Court and party resources.  In contrast, limiting Zong to one summary judgment motion an all issues would delay resolution until much later in the case, after the parties and the Court have spent significant additional resources on the case.  This case can be decided and disposed of entirely now on non-infringement, obviating the need to spend time and effort on claim construction or invalidity,

---

[2] The Federal Circuit has granted *en banc* review of the standard for infringement where no single actor performs all steps of a claimed invention.  *See McKesson Techs. Inc. v. Epic Sys. Corp.*, 2011 U.S. App. LEXIS 10674 (Fed. Cir. May 26, 2011).

Fenwick & West LLP
ATTORNEYS AT LAW
SAN FRANCISCO

damages, and expert discovery.   In the unlikely event any issues remain following the early summary judgment motion, Zong does not wish to be foreclosed form disposing of this case on alternate grounds prior to trial.  Zong therefore respectfully requests leave to file a second motion for summary judgment should the proposed early summary judgment motion fail to dispose of all the issues in the case.

Zong proposes a schedule whereby discovery relating to invalidity (including service of Patent Local Rule 3-3 invalidity contentions) and damages is postponed until after resolution of a motion for summary judgment of non-infringement to be filed by February 24, 2012.  Zong will make its Patent Local Rule 3-4 production regarding operation of the accused Zong services on January 13, 2012.

## V.   AMENDMENT OF PLEADINGS

The pleadings have not been amended.

## VI.   EVIDENCE PREPARATION

Both parties have taken steps to preserve evidence relevant to the issues reasonably evident in this action.  These steps include the suspension of normal document destruction programs, ongoing erasure of e-mails, voice-mails, and other electronically-recorded material, and the institution of a litigation hold for both hardcopy documents and electronic documents.

## VII.   DISCLOSURES

The parties served initial disclosures pursuant to Federal Rule 26(a)(1) on October 5, 2011.  On October 24, 2011, under the previously agreed upon schedule, PaymentOne served its Disclosure of Asserted Claims and Preliminary Infringement Contentions pursuant to Patent Local Rule 3-1.  The parties reserve their right to supplement disclosures as discovery continues.

## VIII.   DISCOVERY

The parties have already begun discovery pursuant to the Federal Rules of Civil Procedure.  The parties reserve all rights to seek modifications of such limits and agree to confer in good faith if a need arises for additional discovery.

The parties agree to the following discovery plan:

    1.  Discovery Needed –

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

a. Discovery relating to the operation of the accused products or services.

b. Discovery relating to PaymentOne's claim for damages.

c. Discovery relating to PaymentOne's claim that the alleged infringement of any patent-in-suit was willful.

d. Discovery relating to the validity of the patents-in-suit.

Should facts be uncovered in this case that support amendment of pleadings to include claims and defenses relating to the enforceability of the patents-in-suit, this case may also require discovery relating to enforceability of the patents-in-suit.

2. Interrogatories – The parties agree that each side be allowed to serve a maximum of 25 interrogatories on the other side.

3. Depositions – The parties agree that the Federal Rules of Civil Procedure will govern depositions.

4. Requests for Admission and for Documents – The parties agree that there should be no limits on requests for admissions or document discovery requests.

5. Electronic Service – The parties agree to accept service by e-mail with hard copies to follow by overnight mail. Each counsel will establish an e-mail distribution list accessible through a single external e-mail address. The parties will separately send an e-mail without attachments confirming service of any e-mail sent with attachments. Service by e-mail will be treated as service by hand delivery.

6. Stipulated Protective Order – The parties agree that a stipulated protective order will be required and shall endeavor to submit an order by December 23, 2011.

7. The parties agree that an agreement regarding electronically stored information ("ESI") is important to the management of this case and will endeavor to enter into an agreement regarding the scope and timing of ESI discovery or provide proposals to this Court in the event the parties are not able to reach agreement.

8. Discovery of Drafts of Expert Declaration – The parties agree that the protections provided in Fed. R. Civ. Pro. 26(b)(4)(B) and (C) will equally apply to expert declarations as they do to expert reports, including both drafts of declarations and

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    communications related to declarations.

2    The parties agree to revisit these limits on discovery as may be appropriate.

3    **IX.    CLASS ACTIONS**

4    This is not a class action.

5    **X.    RELATED CASES**

6    The parties are not aware of any other related cases pending before another judge of this

7    Court or before another court or administrative body.

8    **XI.    RELIEF**

9    As PaymentOne refuses to submit a case management statement jointly with Zong, Zong

10   is unable to represent PaymentOne's position.  Based on the parties' previous joint case

11   management statement, however, it is Zong's understanding that PaymentOne seeks a judgment

12   (a) that Zong has infringed, actively induced infringement of, and/or contributorily infringed the

13   PaymentOne Patents; (b) preliminarily and permanently enjoining Zong, its officers, agents,

14   servants, employees, attorneys and all persons in active concert or participation with it from

15   further infringement of the PaymentOne Patents, to the extent not so enjoined, ordering Zong to

16   pay compulsory ongoing royalties for any continuing infringement of the PaymentOne Patents;

17   (c) ordering that Zong account, and pay actual damages (but no less than a reasonable royalty), to

18   PaymentOne for Zong's infringement of the PaymentOne Patents; (d) declaring that Zong

19   willfully infringed the PaymentOne Patents and ordering that Zong pay treble damages to

20   PaymentOne as provided by 35 U.S.C. § 284; (e) ordering that Zong pay PaymentOne's costs,

21   expenses, and interest, including prejudgment interest, as provided for by 35 U.S.C. § 284; (f)

22   declaring that this is an exceptional case and awarding PaymentOne its attorneys' fees and

23   expenses as provided for by 35 U.S.C. § 285; (g) granting PaymentOne such other and further

24   relief as the Court deems just and appropriate, or that PaymentOne may be entitled to as a matter

25   of law or equity; and (h) such other relief as PaymentOne shall timely request in response to

26   Zong's forthcoming pleadings.

27   Zong seeks a judgment that (1) Zong does not directly or indirectly infringe the

28   PaymentOne Patents; (2) the PaymentOne Patents are invalid; (3) the PaymentOne takes nothing

10

by its Complaint; (4) this case be declared exceptional and Zong be awarded its attorneys' fees and costs; and (5) Zong be granted such other as the Court deems just and appropriate.

## XII.   SETTLEMENT AND ADR

The parties have met and conferred regarding the ADR process, and agree that the prospects for settlement would be best served by private mediation to address all current disputes between the parties.  The parties previously agreed to private mediation by February 29, 2012.

## XIII.   CONSENT TO A MAGISTRATE

The parties do not consent to a Magistrate Judge for all purposes.

## XIV.   OTHER REFERENCES

N/A

## XV.   NARROWING OF ISSUES

Zong has outlined its position above, that an early motion for summary judgment of non-infringement may be case-dispositive or narrow issues for trial.

## XVI.   EXPEDITED TRIAL PROCEDURE

The parties do not believe that this case is appropriate for an expedited schedule.

## XVII. SCHEDULING

### A.      Zong's Proposed Schedule

To facilitate Zong's proposed early case-dispositive motion for summary judgment of non-infringement, Zong proposes the following case schedule.  This schedule allows the Court and the parties to avoid the expense and effort of engaging in claim construction and discovery on invalidity, damages, and expert disclosures should Zong prevail on the early motion for summary of non-infringement.

| | |
|---|---|
| Fed. R. Civ. P. 26(a)(1) Disclosures | completed on October 5, 2011 |
| Patent L.R. 3-1 Preliminary Infringement Contentions and Patent L.R. 3-2 Document Production | completed October 24, 2011 |
| Case Management Conference | December 9, 2011 |

11

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Fenwick & West LLP
Attorneys at Law
San Francisco

| Patent L.R. 3-4 (operation of accused device) Document Production | January 13, 2012 |
|---|---|
| Zong to file early limited motion for summary judgment of non-infringement | February 24, 2012 |
| PaymentOne to respond to motion for summary judgment of non-infringement | March 9, 2012 |
| Zong to file reply to motion for summary judgment of non-infringement | March 16, 2012 |
| Hearing on Motion for Summary Judgment | March 30, 2012 |
| IF CASE NOT RESOLVED BY SUMMARY JUDGMENT | |
| Patent L.R. 3-3 Preliminary Invalidity Contentions | April 13, 2012 |
| Patent L.R. 4-1 Exchange of Proposed Terms | April 27, 2012 |
| Patent L.R. 4-2 Exchange of Preliminary Claim Constructions | May 18, 2012 |
| Patent L.R. 4-3 Joint Claim Construction and Prehearing Statement | June 12, 2012 |
| Patent L.R. 4-4 Close of Claim Construction Discovery | July 12, 2012 |
| Patent L.R. 4-5(a) Opening Claim Construction Brief | July 27, 2012 |
| Patent L.R. 4-5(b) Responsive Claim Construction Brief | August10, 2012 |
| Patent L.R. 4-5(c) Reply Claim Construction Brief | August 17, 2012 |
| Tutorial | August 29, 2012 |
| Claim Construction Hearing | August 31, 2012 |
| Fact Discovery Cut-off | 30 weeks after Claim Construction Order |
| Disclosure of Identity of Liability Experts | 33 weeks after Claim Construction Order |

12

| | |
|---|---|
| Opening Expert Reports Due on any issue for which a party bears the burden of proof | 36 weeks after Claim Construction Order |
| Rebuttal Expert Reports Due | 41 weeks after Claim Construction Order |
| Expert Discovery Cut-off | 45 weeks after Claim Construction Order |
| Deadline for Filing Dispositive Motions | 50 weeks after Claim Construction Order |
| Pretrial Conference | Fall 2013 |
| TRIAL | Fall 2013 |

## XVIII. TRIAL

PaymentOne has requested a jury trial on all issues triable to a jury.  The length of the trial will depend on the resolution on the parties' pre-trial motions and the ability to narrow the issues.

## XIX.   DISCLOSURES OF NON-PARTY INTERESTED ENTITIES

PaymentOne has filed its Certification of Interested Entities or Persons as required by Civil Local Rule 3-16, listing the following persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities that (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a nonfinancial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1.      PaymentOne Corporation Share Trust, a Delaware statutory trust, has a financial interest in PaymentOne Corporation;

2.      AER Investments LLC, a Florida limited liability company, has a financial interest in PaymentOne Corporation;

3.      Mr. Joseph Lynam, an individual, has a financial interest in PaymentOne Corporation.

Zong filed its Certification of Interested Entities or Persons with its response to the Complaint, identifying eBay Inc. as an entity that has a financial interest in this case, as a result of

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   eBay's acquisition of Zong.

2   **XX.    PATENT RELATED ISSUES PURSUANT TO PATENT LOCAL RULES**

3          Zong proposes postponing invalidity contention disclosures pursuant to Patent Local Rule

4   3-3 until after resolution of its early motion for summary judgment of non-infringement as

5   reflected in Zong's proposed schedule.

6          **A.    Format of the Claim Construction Hearing**

7          The parties do not currently anticipate presenting live testimony at the Claim Construction

8   Hearing.  If these positions were to change, the parties would seek the Court's approval to present

9   such evidence at the hearing.

10         The parties estimate the length of the Hearing will be approximately two hours.

11         **B.    How the Parties Intend to Educate the Court on the Technology at Issue**

12                The parties anticipate the presentation of a technology tutorial

13  **XXI.   COURT APPOINTED EXPERT**

14         It is Zong's understanding that the parties agree that a court-appointed expert under Rule

15  706 of the Federal Rules of Evidence is not warranted.

16  **XXII.  COMPUTATION OF DAMAGES**

17         As PaymentOne refuses to submit a case management statement jointly with Zong, Zong

18  is unable to represent PaymentOne's position on computation of damages.  The parties' previous

19  joint statement, however, included the following statement regarding PaymentOne's computation

20  of damages:

21         At this initial stage of the litigation, PaymentOne is unable to calculate its damages

22  because it has not yet received discovery revealing the full magnitude of Zong's infringing

23  activities, services, products and systems.

24         In general, however, PaymentOne's damages are likely to include, without limitation, (1)

25  compensatory damages for patent infringement by Zong and contributory and active inducement

26  of others' infringement, consisting at a minimum of a reasonable royalty or lost profits on sales of

27  infringing products; (2) treble damages for willful patent infringement; (3) costs incurred in this

28  action; and (4) interest on all damages awarded and costs incurred in this action.  Damages are

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    also likely to include, without limitation, attorneys' fees pursuant to 35 U.S.C. § 285.

2

3    Dated:    December 2, 2011                    FENWICK & WEST LLP

4

5                                                 By: s/ Carolyn Chang
                                                          Carolyn Chang
6

7                                                 Attorneys for Defendant
                                                  ZONG, INC.,

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15