DANIEL JOHNSON, JR. (SBN 57409)
MICHAEL J. LYONS (SBN 212284)
DION M. BREGMAN (SBN 208393)
MORGAN, LEWIS & BOCKIUS
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2122
Telephone: 650.843.4000
Facsimile: 650.843.4001
E-mail: djjohnson@morganlewis.com
E-mail: mlyons@morganlewis.com
E-mail: dbregman@morganlewis.com

Attorneys for PLAINTIFF
PAYMENTONE CORPORATION,
A DELAWARE CORPORATION

J. DAVID HADDEN (CSB No. 176148)
dhadden@fenwick.com
DARREN DONNELLY (CSB No. 194335)
ddonnelly@fenwick.com
CAROLYN CHANG (CSB No. 217933)
cchang@fenwick.com
DAVID LACY KUSTERS (CSB No. 241335)
dlacykusters@fenwick.com
MICHAEL DAVIS-WILSON (CSB No. 259790)
mdaviswilson@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:    415.875.2300
Facsimile:    415.281.1350

Attorneys for DEFENDANT
ZONG, INC.,
A DELAWARE CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PAYMENTONE CORPORATION, a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> ZONG, INC., a Delaware corporation, <br><br> Defendants. | Case No.: 3:11-cv-02186-YGR <br><br> **JOINT CASE MANAGEMENT STATEMENT PURSUANT TO THE COURT'S REASSIGNMENT ORDER** |

Pursuant to the Court's January 18, 2012 Reassignment Order [Dkt. No. 45], and January 23, 2011 Notice setting case management conference [Dkt. No. 46], Plaintiff PaymentOne Corporation ("PaymentOne") and Defendant Zong, Inc. ("Zong") hereby submit the following Joint Case Management Statement:

## I.      FILING OF THE COMPLAINT

PaymentOne filed its Complaint for Patent Infringement against Zong on May 4, 2011. PaymentOne served Zong with the Complaint on July 11, 2011.  Following stipulations to extend time, Zong filed its Answer and Counterclaim to the Complaint on September 21, 2011.

PaymentOne contends that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*  The parties agree that venue is proper in this district and that the Court has personal jurisdiction over the parties.

## II.     PARTIES TO THE LITIGATION

### A.      PaymentOne's Statement

PaymentOne is a Delaware Corporation with its headquarters located in San Jose, California.  Founded in 2000, PaymentOne is a leading provider of integrated billing products and services for mobile, fixed line, and broadband communications.  PaymentOne owns and is listed with the United States Patent and Trademark Office as the assignee of record of the following United States Patents: U.S. Patent Nos. 7,080,049 ("the '049 patent"), 7,848,500 ("the '500 patent"), and 7,848,504 ("the '500 patent") (collectively, the "PaymentOne Patents").  The PaymentOne Patents relate to systems, methods, and apparatuses for processing a transaction and for validating a user's subscriber line.

Zong is a Delaware Corporation with offices in Menlo Park, California.  Founded in 2008, Zong is also a provider of mobile payment products and services, including the Zong Web Payment service and the Zong+ service.  PaymentOne has accused these products and services of infringing the PaymentOne Patents.

In August 2011, Zong was acquired by PayPal Inc.

## B.     Zong's Statement

Defendant Zong was spun off in 2008 of Echovox, a mobile services company founded in Geneva, Switzerland in 2000.  Zong used and continues to use software components and servers in Switzerland, in part, to enable processing of online payments using a mobile telephone.   Zong is now a leading provider of payments through mobile telephone carrier billing.   In August 2011, eBay Inc. completed its acquisition of Zong.

Plaintiff PaymentOne Corporation was founded in 2000 as eBillit, a subsidiary of Intergretel (a company focused on telecommunications billing through agreements with landline local exchange carriers).  PaymentOne's first payment platform launched in or before 2000 was directed to payment for Internet services through local landline – not mobile – telephone bills.  In December 2008, PaymentOne was referring customers interested in mobile payment processing to Zong as it did not offer any mobile payment services.  As of Fall 2009, PaymentOne still did not offer payment processing using mobile telephones.  As the business of billing landline phones has dried up, PaymentOne is now venturing into the mobile payment space.  In doing so, it is taking its patents, which cover PaymentOne's landline payment platform, and is asserting them against Zong's business of billing mobile phone numbers.

## III.     CURRENT DEADLINES

Pursuant to the Court's December 14, 2011 Order [Dkt. No. 44], the current case schedule is set forth below.

| | |
|---|---|
| Disclosure of Asserted Claims and Preliminary Infringement Contentions (Pat.L.R. 3-1 & 3-2) | already completed on October 24, 2011 |
| Serve Preliminary Invalidity Contentions (Pat.L.R. 3-3 & 3-4) | already completed on December 23, 2011 |
| Parties Exchange Proposed Terms & Claim Elements (Pat.L.R. 4-1) | already completed on January 13, 2012 |
| Parties Exchange Preliminary Claim Constructions & Extrinsic Evidence (Pat.L.R. 4-2) | January 27, 2012 |
| File Joint Claim Construction & Prehearing Statement | February 21, 2012 |

JOINT CASE MANAGEMENT STATEMENT
Case No.: 3:11-cv-02186-YGR

| Completion of Claim Construction Discovery (Pat.L.R. 4-4) | March 22, 2012 |
|---|---|
| PaymentOne to File Opening Brief on Claim Construction (Pat.L.R. 4-5) | April 6, 2012 |
| Zong to File Brief on Claim Construction (Pat.L.R. 4-5) | April 20, 2012 |
| PaymentOne to File Reply Brief on Claim Construction (Pat.L.R. 4-5) | April 27, 2012 |
| Tutorial | May 16, 2012 @ 3:30 p.m. |
| Claim Construction Hearing | May 17, 2012 @ 3:30 p.m. |

## IV.   **PENDING MOTIONS**

No motions are currently pending before the Court.

### A.    **PaymentOne's Statement**

During the December 9, 2011 Case Management Conference before the Honorable Susan Illston, Zong expressed an interest in filing a motion for early summary judgment.  Contrary to the statements that Zong makes in this Joint Statement, this Court did not grant leave for Zong to file an early motion for summary judgment — indeed, no such leave appears in the Scheduling Order the Court entered five days later on December 14, 2011.  Instead, Judge Illston indicated that Zong, like any party to civil litigation, was not foreclosed from filing a motion for summary judgment under the ordinary procedures set forth in the Federal Rules.

However, the Court made clear that any early motion for summary judgment must be accompanied by the full discovery necessary for PaymentOne to respond.  If any such discovery was lacking from Zong, Judge Illston told PaymentOne to let the Court know.

To date, Zong has produced only 7,000 pages of documents, half of which are the prior art references comprising Zong's invalidity contentions.  The remaining pages are insufficient to show the operation of Zong's accused instrumentalities, and are nothing more than Zong's self-serving and under-inclusive sample of documents.  PaymentOne has repeatedly requested this relevant discovery since early January 2012, but Zong has thus far failed to make the requisite

1  production.  In short, PaymentOne is entitled to full discovery on the accused instrumentalities

2  well before Zong files any motion for summary judgment.

3      **B.      Zong's statement**

4      As Zong has been granted leave to file an early case-dispositive summary judgment

5  motion, Zong anticipates filing a motion for summary judgment of non-infringement by the end

6  of February 2012.

7      At the December 9, 2011 Case Management Conference held before Judge Illston,

8  defendant Zong requested – and was granted – leave to file an early motion for summary

9  judgment of non-infringement in addition to the usual one summary judgment motion allowed by

10  the Court.  Zong believes it can establish non-infringement of all asserted claims with an early

11  motion for summary judgment of non-infringement and dispose of this case entirely without the

12  need for claim construction.

13      As outlined in Zong's prior December 2, 2011 Case Management Statement (Dkt. # 41)

14  and explained to Judge Illston at the December 9th Case Management Conference, early

15  summary judgment is appropriate in this case because plaintiff PaymentOne has either failed to

16  allege infringing conduct on the part of Zong, or has accused conduct that takes place outside of

17  the United States (and are thus governed by those countries' patent laws, not U.S. law). Because

18  the early summary judgment motion has the potential to dispose of the entire case without the

19  need for substantial discovery or any claim construction, Judge Illston granted leave to file an

20  early motion to either resolve or streamline the case.

21      To facilitate early summary judgment, Zong has produced technical documentation

22  regarding its accused services, and will provide additional documents and source code in advance

23  of its motion for summary judgment, as well as make witnesses available for deposition in late

24  February and early March 2012.

25  **V.   BRIEF DESCRIPTION OF THE EVENTS UNDERLYING THE ACTION**

26      **A.      PaymentOne's Statement**

27      Zong's inclusion of factual and legal summary judgment arguments in a Joint Case

28  Management Statement is inappropriate, and departs from the specific requirements outlined in

JOINT CASE MANAGEMENT STATEMENT
Case No.: 3:11-cv-02186-YGR

1   this Court's January 18, 2012 Resassignment Order (Dkt. No. 45).

2       Furthermore, each of Zong's non-infringement arguments rests upon an interpretation of

3   the asserted claims in the patents-in-suit.  It is well-established law that any adjudication of

4   infringement necessarily first requires an interpretation of the claims.  As such, the arguments set

5   forth by Zong below, which hinge on claim construction issues, underscore the need for claim

6   construction in accordance with the schedule provided in Patent Local Rules and memorialized in

7   this Court's Scheduling Order.

8       The schedule in the Patent Local Rules is intended to provide the parties with: sufficient

9   time to identify claim construction disputes in light of the contentions of the parties; to meet-and-

10   confer in an effort to resolve the disputes; and to develop the evidence necessary to present the

11   remaining claim construction disputes to the Court.  The currently proposed schedule serves these

12   interests and would include an early claim construction hearing in May 2012.  Indeed, as of the

13   filing of this Joint Statement, the parties are exchanging their preliminary claim constructions

14   pursuant to Patent L.R. 4-2.

15       Zong's request for an early summary judgment motion would short-circuit this process.

16   The appropriate time for summary judgment motions is after the claim construction order has

17   been issued, and after both parties have had an opportunity to seek reasonable discovery on any

18   issues to be addressed in the motion.

19      **B.**    **Zong's Statement**

20       This is a patent infringement suit in which PaymentOne accuses Zong's Web Payment

21   service and its Zong+ service of infringing 3 different patents, asserting infringement of over 40

22   patent claims.  Contrary to PaymentOne's assertion – unlike typical cases which require

23   substantial discovery and determination of complex claim construction issues before resolution –

24   this case is uniquely positioned for early resolution based on two simple case-dispositive issues.

25   First, PaymentOne has failed even to allege conduct on the part of Zong that meets all the

26   requirements of the asserted patent claims, and thus PaymentOne cannot establish infringement.

27   Second, the conduct PaymentOne does accuse of infringement takes place outside of the United

28   States, and thus cannot be the basis of infringement of a U.S. patent.  Because an early motion

addressing these two issues will resolve the entire case without the need for claim construction or substantial discovery, Judge Illston granted Zong leave to file an additional early summary judgment motion.  Zong anticipates filing the motion by the end of February 2012.

### 1.      Summary of Asserted Patents

The purported inventions of the asserted patents relate to paying for purchases by billing a landline to which a user's computer is connected.  The '049 and '500 patents also require payment to be processed by another method if the landline account is not validated.  The '504 patent is directed to verifying that a landline account can be billed by looking up information associated with the billing telephone number in various databases.

### 2.      Zong's Services

The accused Zong Web Payment and Zong+ services, using certain servers and software components in Switzerland, allow Internet users to use their mobile telephone number to process payment for online transactions.   A user wishing to purchase an item on a merchant's website can choose to pay using her mobile telephone number.  If the user selects the mobile phone payment option, Zong will then provide a window in which the user can provide a mobile telephone number.  Once the user inputs the mobile telephone number and hits continue, an SMS (text) message with a PIN number will be sent to that mobile phone number.  The user then inputs the PIN number into the next Zong payment window on their computer:



Zong then uses the mobile telephone number to facilitate the payment process.  If payment cannot be made using the mobile phone number, Zong will not facilitate the payment process. Zong does not complete payment using another payment method if payment cannot be made using the mobile telephone number, and PaymentOne's infringement contentions do not identify

any conduct on the part of Zong that does this.

      **C.**     **Joint Statement of Disputed Factual Issues**

      Based on the claims and counterclaims asserted in this matter, the principal factual issues are:

      1.      whether Zong has infringed and is infringing any of the asserted claims of the PaymentOne Patents;

      2.      whether Zong has actively induced and/or contributed to the infringement by others of any of the asserted claims of the PaymentOne Patents;

      3.      whether any such infringement by Zong is willful;

      4.      the amount of PaymentOne's damages, if any; and

      5.      the identification of any other relief, such as a permanent injunction, that is warranted for any such infringement by Zong;

      6.      the scope and content of the prior art;

      7.      whether PaymentOne's Patents are invalid.

**VI.**     **SUMMARY OF CLAIMS, COUNTERCLAIMS, ETC.**

      PaymentOne has alleged Zong's willful direct or indirect infringement of the '049 patent, the '500 patent, and the '504 patent.  Zong has denied all allegations of infringement and counterclaims for a declaration of non-infringement and invalidity of the asserted patents.

      Based on the claims and counterclaims asserted in this matter, the principal legal issues in this action are:

      1.      the construction of the claims of the patents-in-suit;

      2.      whether Zong is liable for infringement of the patents-in-suit; whether any infringement was willful, and if so, the amount of enhanced damages; and

      3.      whether an injunction (or injunctions) should issue if any of the patents-in-suit are found infringed.

      4.      whether PaymentOne's Patents are invalid.

      Zong further believes that additional issues that are appropriately addressed through its early summary judgment motion are:

1.   whether Zong can be liable for infringement when it does not perform the acts accused of infringement; and

2.   whether Zong can be liable under U.S. Patent law for conduct taking place outside the United States.

Should facts be uncovered in this case that support amendment of pleadings to include claims and defenses relating to the enforceability of the patents-in-suit, this case may also require resolution of the enforceability of the patents-in-suit.

## VII.   **RELIEF SOUGHT**

PaymentOne seeks a judgment (a) that Zong has infringed, actively induced infringement of, and/or contributorily infringed the PaymentOne Patents; (b) preliminarily and permanently enjoining Zong, its officers, agents, servants, employees, attorneys and all persons in active concert or participation with it from further infringement of the PaymentOne Patents, and to the extent not so enjoined, ordering Zong to pay compulsory ongoing royalties for any continuing infringement of the PaymentOne Patents; (c) ordering that Zong account, and pay actual damages (but no less than a reasonable royalty), to PaymentOne for Zong's infringement of the PaymentOne Patents; (d) declaring that Zong willfully infringed the PaymentOne Patents and ordering that Zong pay treble damages to PaymentOne as provided by 35 U.S.C. § 284; (e) ordering that Zong pay PaymentOne's costs, expenses, and interest, including prejudgment interest, as provided for by 35 U.S.C. § 284; (f) declaring that this is an exceptional case and awarding PaymentOne its attorneys' fees and expenses as provided for by 35 U.S.C. § 285; (g) granting PaymentOne such other and further relief as the Court deems just and appropriate, or that PaymentOne may be entitled to as a matter of law or equity; and (h) such other relief as PaymentOne shall timely request in response to Zong's forthcoming pleadings.

At this initial stage of the litigation, PaymentOne is unable to calculate its damages because it has not yet received discovery revealing the full magnitude of Zong's infringing activities, services, products and systems.

In general, however, PaymentOne's damages are likely to include, without limitation, (1) compensatory damages for patent infringement by Zong and contributory and active inducement

JOINT CASE MANAGEMENT STATEMENT
Case No.: 3:11-cv-02186-YGR

of others' infringement, consisting at a minimum of a reasonable royalty or lost profits on sales of infringing products; (2) treble damages for willful patent infringement; (3) costs incurred in this action; and (4) interest on all damages awarded and costs incurred in this action.  Damages are also likely to include, without limitation, attorneys' fees pursuant to 35 U.S.C. § 285.

Zong seeks a judgment that (1) Zong does not directly or indirectly infringe the PaymentOne Patents; (2) the PaymentOne Patents are invalid; (3) the PaymentOne takes nothing by its Complaint; (4) this case be declared exceptional and Zong be awarded its attorneys' fees and costs; and (5) Zong be granted such other relief as the Court deems just and appropriate.

## VIII.   STATUS OF DISCOVERY

The parties have agreed to the following discovery plan, as set forth in their Joint Case Management Statement filed on September 23, 2011, as well as their Case Management Statements separately filed on December 2, 2011:

  1. Discovery Needed –

    a. Discovery relating to the operation of the accused products or services.

    b. Discovery relating to PaymentOne's claim for damages.

    c. Discovery relating to PaymentOne's claim that the alleged infringement of any patent-in-suit was willful.

    d. Discovery relating to the validity of the patents-in-suit.

Should facts be uncovered in this case that support amendment of pleadings to include claims and defenses relating to the enforceability of the patents-in-suit, this case may also require discovery relating to enforceability of the patents-in-suit.

  2. Interrogatories – The parties have agreed that each side be allowed to serve a maximum of 25 interrogatories on the other side.

  3. Depositions – The parties have agreed that the Federal Rules of Civil Procedure will govern depositions.

  4. Requests for Admission and for Documents – The parties have agreed that there should be no limits on requests for admissions or document discovery requests.

  5. Electronic Service – The parties have agreed to accept service by e-mail with hard

copies to follow by overnight mail.  Each counsel will establish an e-mail distribution list accessible through a single external e-mail address.  The parties have agreed to separately send an e-mail without attachments confirming service of any e-mail sent with attachments.  Service by e-mail will be treated as service by hand delivery.

6.  Stipulated Protective Order – The parties have agreed that a stipulated protective order will be required and shall endeavor to submit an order by February 3, 2012.

7.  The parties have agreed that an agreement regarding electronically stored information ("ESI") is important to the management of this case and will endeavor to enter into an agreement regarding the scope and timing of ESI discovery or provide proposals to this Court in the event the parties are not able to reach agreement.

8.  Discovery of Drafts of Expert Declaration – The parties have agreed that the protections provided in Fed. R. Civ. Pro. 26(b)(4)(B) and (C) will equally apply to expert declarations as they do to expert reports, including both drafts of declarations and communications related to declarations.

The parties have agreed to revisit these limits on discovery as may be appropriate.

The parties have begun discovery pursuant to the Federal Rules of Civil Procedure.  The parties served initial disclosures pursuant to Federal Rule 26(a)(1) on October 5, 2011.  Each party has reserved their right to supplement their disclosures as discovery continues.  The parties have also served and responded to requests for production of documents and interrogatories, and are currently producing documents on a rolling basis.

**A.     PaymentOne's Statement**

PaymentOne has produced documents pursuant to Patent Local Rule 3-2 and in response to document requests propounded by Zong.  PaymentOne will continue to produce documents on a rolling basis.

With regard to Zong's intention to file an early motion for summary judgment, PaymentOne has been corresponding with Zong since January 3, 2012 about the deficiency in its

JOINT CASE MANAGEMENT STATEMENT
Case No.: 3:11-cv-02186-YGR

1    production of documents that describe the technical features in the accused products.  And while

2    PaymentOne appreciates Zong's willingness to make its witnesses available for deposition, the

3    reality is that PaymentOne cannot agree to take these witnesses' depositions until Zong has

4    substantially completed its document production on the accused products, which has yet to occur.

5         When this does occur, PaymentOne must be afforded a reasonable and adequate time to

6    review these highly technical materials (including source code), depose Zong's witnesses, and

7    respond to any summary judgment motion by Zong.  In correspondence, Zong has indicated that

8    it will be producing additional technical documents within the coming week.  In this Joint

9    Statement, Zong indicates that it will soon be producing source code.  Given the nature and

10   potential volume of these forthcoming materials, PaymentOne expects that Zong's intention to

11   move for summary judgment in February 2012 is simply unworkable.

12        **B.     Zong's Statement**

13        Zong has produced documents pursuant to Patent Local Rule 3-4 and discovery requests

14   regarding the operation of the accused Zong services, and continues to do so.  In addition, as

15   communicated to PaymentOne, Zong will be producing additional documents, as well as

16   providing source code.  Zong has also offered to make its witnesses available for deposition with

17   sufficient time for PaymentOne to adequately respond to Zong's early motion for summary

18   judgment of non-infringement.

19   **IX.   PROCEDURAL HISTORY**

20        This case was originally assigned to the Honorable Charles R. Breyer.  The parties filed a

21   Joint Case Management Statement with Judge Breyer on September 23, 2011 [Dkt. # 28], and

22   attended a Management Conference on October 7, 2011.

23        On October 24, 2011, PaymentOne served its Preliminary Infringement Contentions

24   pursuant to Patent Local Rule 3-1, asserting that the Zong Web Payment service and the Zong+

25   service infringe the following asserted claims:

26        • '049 patent: 8, 9, 22

27        • '500 patent: 1-6, 8-12, 17-22, 24-28

28        • '504 patent: 1, 10, 16, 20, 23, 28, 43, 45, 47, 52, 53, 56, 61, 101, 102, and 107

1   Shortly thereafter, on October 26, 2011, Judge Breyer recused himself from this case, and

2   the case was assigned to the Honorable Susan Illston.  The parties filed case management

3   statements with Judge Illston on December 2, 2011 [Dkt. Nos. 41, 42], and attended a Case

4   Management Conference on December 9, 2011.

5   Following that conference, the Court entered the Scheduling Order for this case on

6   December 14, 2011.

7   On December 23, 2011, Zong served its Preliminary Invalidity Contentions pursuant to

8   Patent Local Rule 3-3.

9   On January 13, 2012, the parties exchanged their proposed terms and claim elements for

10  construction under Patent Local Rule 4-1.  On January 18, 2012, this case was assigned to the

11  Honorable Yvonne Gonzalez Rogers for all further proceedings.

12  The parties have also met and conferred regarding the ADR process, and agree that the

13  prospects for settlement would be best served by private mediation to address all current disputes

14  between the parties. The parties have agreed to private mediation by February 29, 2012.

15  **X.      NO IMMEDIATE NEED FOR A CASE MANAGEMENT CONFERENCE**

16  The parties do not believe that there is any need to schedule a case management

17  conference in this action earlier than the one currently set for February 8, 2012 at 2:30 p.m.

18  Dated: January 27, 2012                    MORGAN, LEWIS & BOCKIUS LLP

19

20                                              By  /s/ Dion M. Bregman
                                                Dion M. Bregman
21                                              Attorneys for Plaintiff

22  Dated: January 27, 2012                    FENWICK & WEST LLP

23                                              By  /s/ Carolyn Chang
                                                Carolyn Chang
24                                              Attorneys for Defendant

25

26

27

28

13

JOINT CASE MANAGEMENT STATEMENT
Case No.: 3:11-cv-02186-YGR

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### FILER'S ATTESTATION

Pursuant to General Order No. 45, Section X(B) regarding signatures, I, Dion M. Bregman, attest that concurrence in the filing of this document has been obtained from each of the other signatories.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated: January 27, 2011


By  /s/ Dion M. Bregman
       Dion M. Bregman
       Attorneys for Defendant