**Fenwick & West LLP**

SILICON VALLEY   801 CALIFORNIA STREET   MOUNTAIN VIEW, CA 94041
TEL: 650.988.8500   FAX: 650.938.5200   WWW.FENWICK.COM

February 9, 2012

J. DAVID HADDEN

EMAIL DHADDEN@FENWICK.COM
Direct Dial (650) 335-7684

Hon. Yvonne Gonzalez Rogers, District Judge
Northern District of California
Oakland Courthouse
1301 Clay Street
Oakland, CA 94612

Dion M. Bregman, Esq.
Morgan, Lewis & Bockius LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2121

Re:   *PaymentOne Corp. v. Zong, Inc.*, Case No. 3:11-cv-02186-YGR

Dear Judge Gonzalez Rogers:

As the Court has scheduled a pre-motion conference for February 14 at 2 p.m., defendant Zong, Inc. submits this letter brief setting forth the grounds for an early, potentially case-dispositive motion for summary judgment of non-infringement.

In this case, PaymentOne Corporation alleges infringement of over forty claims of three patents: 7,080,049 ("the '049 patent"), 7,848,500 ("the '500 patent"), and 7,848,504 ("the '504 patent"). With Zong's summary judgment motion, the Court can dispose of the entire case now—without the need to construe any claim terms—based on two simple black letter patent law defenses:

1. **PaymentOne's infringement allegations are based on the acts of third parties, not Zong**: PaymentOne does not even allege that Zong performs each and every element of the asserted claims of the '049 or '500 patents, pointing instead to conduct of third parties over which Zong has no control; and

2. **PaymentOne alleges infringement based on acts that take place outside the United States**: PaymentOne alleges infringement of the '504 patent claims by accusing features of Zong's services that are located and performed in Switzerland.

Addressing these two discrete issues will allow the Court to resolve this case efficiently without the necessity of undergoing a lengthy and costly discovery and claim construction process involving the dissection of over 40 claims.

**I.   ZONG CANNOT BE LIABLE FOR THIRD-PARTY CONDUCT**

All of the asserted independent claims of the '049 and '500 patents require either routing payment to, or completing a payment transaction through, some alternative payment method if billing to a telephone account is invalidated or declined. For example, the asserted independent

Hon. Yvonne Gonzalez Rogers
Dion M. Bregman, Esq.
February 9, 2012
Page 2

claims of the '049 patent require "wherein payment is routed to financial card gateway if a validation module invalidates the transaction."[1]

Zong does not process transactions using an alternative payment method. If billing to a telephone account is declined, Zong's involvement in the transaction stops—Zong will not continue processing the transaction with another payment method. Thus, in its Infringement Contentions, PaymentOne is unable to allege any conduct by Zong that meets the alternative payment limitations of the '049 and '500 patent claims. Instead, PaymentOne alleges that these claim limitations are met by the following:





None of these pages, however, is provided by Zong. Rather, they are provided by the third-party vendor—Facebook, in this example—over which Zong has no control.

---

[1] The asserted independent claims of the '500 patent have similar requirements: "detecting that billing to the account associated with the BTN has been declined" and "completing the second transaction using the alternative payment method and not debiting the subscriber account."

PaymentOne's attempt to characterize this as a claim construction issue is a red herring. It does not matter how the claim limitations of the '049 and '500 patent are construed—PaymentOne's Infringement Contentions only accuse third-party conduct of meeting these limitations. And Zong cannot be liable for the conduct of third parties over which it has no control. *See Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2008); *BMC Res., Inc. v. Paymentech L.P.*, 498 F.3d 1373, 1380–81 (Fed. Cir. 2007).[2] Accordingly, summary judgment of non-infringement can be granted as to all asserted claims of the '049 and '500 patent for this reason. *See Wahpeton Canvas Co. v. Frontier, Inc.*, 870 F.2d 1546, 1553 (Fed. Cir. 1989) (stating that if an independent claim is not infringed, any claims which depend upon it are also not infringed).

## II. EXTRATERRITORIALITY: ZONG CANNOT BE LIABLE FOR ACTS OCCURRING OUTSIDE THE UNITED STATES

With respect to the one remaining patent—the '504 patent—PaymentOne bases its infringement allegations on conduct that occurs outside the United States. For example, the asserted claims of the '504 patent require "comparing the first reference subscriber data to the second reference subscriber data." In its Infringement Contentions, PaymentOne asserts that this requirement is met when "Zong compares the Sent PIN, as entered by the user, with the Stored PIN associated with the transactionRef." Any such comparison, however, takes place—if at all—in Zong's data center in Switzerland (where the company originated), not in the United States. It is well-settled that steps taken outside the United States cannot be the basis of infringement of a United States patent. *See NTP, Inc. v. Research in Motion*, 418 F.3d 1282, 1317–18 (Fed. Cir. 2005).

Thus, an early motion for summary judgment of non-infringement provides a truly unique opportunity for the Court to promote an efficient and substantive resolution to this case. Because an early motion can dispose of the case on simple grounds, avoiding the complexity and drain on judicial resources that an eventual claim construction process and trial will require, Zong respectfully requests leave to file its motion.

Respectfully submitted,

FENWICK & WEST LLP

J. David Hadden

---

[2] The Federal Circuit has granted en banc review of the standard for infringement where no single actor performs all steps of a claimed invention. *See McKesson Techs. Inc. v. Epic Sys. Corp.*, No. 2009-1417, 2011 U.S. App. LEXIS 10674 (Fed. Cir. May 26, 2011). The decision, however, is unlikely to affect the outcome in this case where Zong has no involvement in what the third-party vendor does after Zong stops payment processing.